04-CV-05850-CMP

FILED _____ LODGED
_____ RECEIVED

DEC 1 3 2004

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

PHILLIP (PHIL) S. KNUDSEN,

　　　　Plaintiff,

vs.

CITY OF TACOMA, a municipal corporation under the Laws of the State of Washington; JAMES L. WALTON, in his individual capacity; City of Tacoma Council Person KEVIN PHELPS, in his individual capacity; Former City of Tacoma Council Person SHARON McGAVICK, in her individual capacity; RICK TALBERT, City of Tacoma Council Person in his individual Capacity; Former City Attorney for the City of Tacoma ROBIN JENKINSON, in her individual capacity; and "JOHN and JANE DOES" 1 through 10 in their individual capacities,

　　　　Defendants.

NO. C04 5850 RBB

COMPLAINT FOR DAMAGES
AND JURY DEMAND

COMES NOW the plaintiff, Phillip S. Knudsen (herein after Phil Knudsen), by and through his attorney of record, Paul A. Lindenmuth of *The Law Offices of Ben F. Barcus & Associates, P.L.L.C.*, and complains and alleges as follows:

COMPLAINT FOR DAMAGES AND JURY DEMAND - 1

Law Offices Of Ben F. Barcus
& Associates, P.L.L.C.
4303 Ruston Way
Tacoma, Washington 98402
(253) 752-4444 • FAX 752-1035

## I. JURISDICTION AND VENUE

1.1   In the instant matter, Plaintiff is bringing claims pursuant to 42 USC § 1983, and as such, this matter falls within the Federal Question jurisdiction of this court pursuant to 28 USC § 1331. In addition, supplemental State Law claims are being asserted herein, and fall within the courts supplemental jurisdiction as set forth in 28 USC § 1367. It is noted that said supplemental claims are so related to the claims over which the court has original jurisdiction as to constitute part and parcel of the "same case or controversy."

1.2   All acts alleged herein occurred within the venue of the United States District Court for the Western District of Washington at Tacoma.

1.3   Based on information and belief, all parties to this actions are located in or reside within the venue of the Western District of Washington at Tacoma.

## II. THE PARTIES

2.1   Plaintiff, Phil Knudsen, at all times relevant hereto was a resident of Tacoma, Pierce County, Washington. From 1999 until June 2004, he was the Human Resources Director for the City of Tacoma.

2.2   Defendant, City of Tacoma, is a municipal corporation under the Laws of the State of Washington. It is Plaintiff's former employer, and the current and/or former employer, of the named and un-named Defendants. The City of Tacoma is being sued herein under the doctrine of respondeat superior on Plaintiff's State Law claims. With respect to Plaintiff's claims pursuant to 42 USC § 1983, it is specifically alleged that the unlawful or tortious actions described below, were done by persons who are/were "policy makers" for the City of Tacoma, and as such, their actions constitute the actions of the Defendant City of Tacoma.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 2

Law Offices Of Ben F. Barcus
& Associates, P.L.L.C.
4303 Ruston Way
Tacoma, Washington 98402
(253) 752-4444 ● FAX 752-1035

2.3     Defendant, James Walton, is the current City Manager for the City of Tacoma. All actions alleged herein, done by Defendant Walton, were done under "color of State Law" and under the color of his office with the City of Tacoma. On Plaintiff's 42 USC § 1983, claim he is being solely in his individual capacity. It is specifically alleged that Defendant Walton, combined with one or more of the named and un-named Defendants to engage in a conspiracy (agreement) to violate one or more of Plaintiff's rights protected by the Federal Constitution. It is also alleged that Defendant Walton either directly participated in the violation of one or more of the Plaintiff's Constitutionally protected rights, or set into motion a series of events, that led to the deprivation by others, of one or more of Plaintiff's Federally protected rights.

2.4     Defendant Phelps, Talbert, and McGavick are current and/or former members of the Tacoma City Council. On Plaintiff's claims pursuant to 42 USC § 1983, they are being sued solely in their individual capacity. It is specifically alleged that all actions taken by these Defendants was done under the "color of State Law" and under the color of their offices with the City of Tacoma. It is also alleged that along with Defendant Walton, they were co-conspirators in either an expressed or tacit agreement to violate one or more of Plaintiff's Federally protected Constitutional rights. It is specifically alleged that the actions of these Defendants also set into motion a series of events that lead to the deprivation by others, of one or more of Plaintiff's Federally protected rights.

2.5     Defendant, Robin Jenkinson, is the former City Attorney for the City of Tacoma and is being sued solely in her individual capacity. As with the other named Defendants, it is specifically alleged that all actions taken by this Defendant was done under the "color of State Law" and under the color of her offices with the City of Tacoma. It is also alleged that along with Defendant Walton, she was a co-conspirator in

COMPLAINT FOR DAMAGES AND JURY DEMAND - 3

either an expressed or tacit agreement to violate one or more of Plaintiff's Federally protected Constitutional rights. It is specifically alleged that the actions of this Defendant also set into motion a series of events that lead to the deprivation by others, of one or more of Plaintiff's Federally protected rights.

2.6   Defendants, "John and Jane Does" 1 - 10, are being sued solely in their individual capacity. These Defendants identities are currently unknown and shall be named herein should sufficient information be provided during the course of this lawsuit to properly identify them. These Doe Defendants, have the same attributes noted above with respect to the individually named Defendants.

### III. FACTUAL BACKGROUND

3.1   Plaintiff, Phil Knudsen, after a competitive recruitment effort, commenced his employment as the Human Resources Director for the City of Tacoma in January of 1999. Until the events described herein, he was well respected, and his advice was well-received by his peers and superiors at the City of Tacoma, including the named Defendants.

3.2   Given his position and role within the City of Tacoma hierarchy, Mr. Knudsen was often in a position to observe what ailed the City government. On more than one occasion, he would speak out against improprieties and the ineffective and inefficient use of scarce tax-payer resources. It is specifically alleged that a substantial and/or motivating factor in the adverse employment decisions discussed below, was Mr. Knudsen's efforts to speak out on issues of "public concern" protected by the First Amendment to our Federal Constitution.

3.3   In late 2002, Mr. Knudsen spoke out against the method and manner by which the City's computer system was undergoing a fifty million dollar ($50,000,000.00) renovation, a matter of grave "public

COMPLAINT FOR DAMAGES AND JURY DEMAND - 4

Law Offices Of Ben F. Barcus
& Associates, P.L.L.C.
4303 Ruston Way
Tacoma, Washington 98402
(253) 752-4444 • FAX 752-1035

concern." Mr. Knudsen protested that the project had too little oversight and was not delivering as promised, (which subsequent events proved to be correct). In response, then City Manager, Ray Corpuz, silenced him. He was also subsequently silenced by Mr. Corpuz' replacement, as City Manager, James Walton, when Mr. Knudsen made comments critical of the performance of the computer's conversion project manager. Mr. Knudsen specifically complained about the new computer program's ability to track employee training, which is not only important from a Risk Management perspective, but also involves public and employee safety issues - again, matters of grave "public concern." Such outspoken concerns of Mr. Knudsen were often to the chagrin of Mr. Knudsen's superiors, who would have preferred that there be an appearance that all was well within the City of Tacoma.

3.4     On June 24, 2004, Plaintiff was terminated from his employment as the Human Resources Director for the City of Tacoma. At the time of termination, he was publicly stigmatized by disparaging information being conveyed by the City of Tacoma, through James Walton, the City Manager of the City of Tacoma. It is specifically alleged herein that a substantial and/or a motivating factor in the decision to terminate Mr. Knudsen's employment was not only the fact that he spoke out against the computer renovations discussed above, but also with respect to his speech relating to the controversy surrounding the tragic murder of the spouse of Tacoma Police Chief, David Brame, which was followed by the suicide of Tacoma's Police Chief, David Brame.

3.5     In late 2001, there was a vacancy for the position for the City of Tacoma Police Chief. In his position as Human Resources Director, Mr. Knudsen had overall responsibility for the nationwide recruitment of a new Police Chief, though he delegated that task to his direct subordinate. The initial

COMPLAINT FOR DAMAGES AND JURY DEMAND - 5

screening process resulted in three candidates. Once the screening was completed, none of the candidates had any local affiliation. A potential inside candidate, David Brame, ranked fourth, and well below the three selected outside candidates. Nevertheless, for morale purposes, James Walton and other members of the selection committee, included Mr. Brame as an insider candidate to be included in the final candidates group. Through attrition, it came down to Mr. Brame and one external candidate. Plaintiff spoke out and urged that then City Manager, Ray Corpuz, reopen the process. Mr. Corpuz declined for political reasons. The Human Resources Department warned Mr. Corpuz that there were problems with Mr. Brame's references and recommended that David Brame not become the City of Tacoma Police Chief. Despite such a recommendation, Mr. Brame was, in fact, named the City of Tacoma Police Chief by Ray Corpuz. Unknown at the time, the selection of David Brame as a Police Chief for the City of Tacoma was a disastrous decision.

3.6     In late April 2003, the news media began publishing and broadcasting negative allegations regarding David Brame, that were set forth in the records of his and his wife, Crystal Brame's, out of county divorce proceeding. Such allegations included reports of domestic violence and use of a service weapon by David Brame to threaten his wife. Such reports were consistent with some of Plaintiff's prior concerns with respect to David Brame.

3.7     Mr. Knudsen, who was knowledgeable on issues relating to workplace and domestic violence, and their interplay, grew increasingly alarmed by the news media accounts. Mr. Knudsen has two sons who are police officers and he understood that it was standard operating procedure to remove an

COMPLAINT FOR DAMAGES AND JURY DEMAND - 6

officer's gun and badge and place him or her on administrative leave, if there were concerns that a service weapon was being misused.

3.8     Unfortunately, by this point in time, the City Manager, the City Attorney, and the Mayor had publicly announced that they viewed the divorce allegations as being a "private matter" and were set on a course of taking no action. Mr. Knudsen, on April 25, 2004, arranged an impromptu meeting with City Attorney, Robin Jenkinson, and her Chief Lieutenant, Elizabeth Pauli, and his direct subordinate, Mary Brown, the Assistant Human Resources Director.

3.9     At this meeting, Mr. Knudsen urged that Chief Brame be placed on administrative leave and it is further alleged that removal of Chief Brame's gun and badge was also discussed. The City Attorney indicated that the City Manager had already made his decision that it was a "private matter," and tersely indicated that the City of Tacoma would take no action on the matter. On that date, Plaintiff also spoke to others with respect to his concerns about the need to place Chief Brame on administrative leave so that the misuse of the service revolver could be investigated, as well as to ascertain the mental stability of Chief Brame, given the substantial stresses he was under, because of the negative adverse publicity that was occurring at the time with respect to the allegations set forth in his divorce proceedings.

3.10    April 25, 2003 was a Friday. Plaintiff did not believe that Chief Brame, who was allegedly in Las Vegas at the time, would be back in the City of Tacoma until late Sunday, April 27, 2003. Such an assumption was incorrect. On April 26, 2003, in Gig Harbor, Pierce County, Washington, David Brame fatally shot his wife, Crystal Brame, and thereafter, committed suicide in front of his two children. He used his service weapon to perform such acts.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 7

3.11   The repercussions and aftermath of this tragic events were immediate and long-lasting. Plaintiff's prudent efforts to at least open for discussion, the notion of placing David Brame on administrative leave, became a source of a stormy controversy with the City Attorneys Office. Unfortunately, the representatives of the City Attorneys Office at that meeting disagreed with the representatives of the Human Resources Department as to some of the content of the discussions that occurred at that meeting.

3.12   Shortly after the tragic death of the Brame's, City Manager, Ray Corpuz, was placed on administrative leave, and was replaced by his direct subordinate, James Walton. At least on two occasions, James Walton met with Phil Knudsen and in a threatening manner encouraged him to change his recollection with respect to what was discussed during the course of the April 25, 2004 meeting. Plaintiff refused to do so. It is specifically alleged that Plaintiff's recommendation that Chief Brame be placed on administrative leave given its content and context, and given the surrounding circumstances, constituted speech on a matter of inherent "public concern" protected by the First Amendment to our Federal Constitution.

3.13   Politicians, such as Tacoma City Council Persons, Kevin Phelps and Sharon McGavick made veiled announcements to the media that Mr. Knudsen was a liar. Thereafter, Councilperson Phelps and McGavick set about a course of conduct designed to punish, intimidate, and harass the Plaintiff for his efforts to speak out on issues of public concern.

3.14   From April 26, 2003 to the present, a number of events have occurred. The Brame tragedy has become a matter of enormous public controversy, subject to national media and has been a subject to a multi-million dollar litigation filed on behalf of the Brame children. Three official investigations have been conducted on the matter by the Washington State Patrol and WASPC. In these investigations, Plaintiff has

COMPLAINT FOR DAMAGES AND JURY DEMAND - 8

Law Offices Of Ben F. Barcus
& Associates, P.L.L.C.
4303 Ruston Way
Tacoma, Washington 98402
(253) 752-4444 ♦ FAX 752-1035

been called upon to testify under oath and/or penalty of perjury with respect to his recollections and actions regarding the hiring of David Brame as Police Chief for the City of Tacoma and his efforts to have him placed on administrative leave immediately prior to the tragic events discussed above.

3.15   Despite enormous pressures, Mr. Knudsen refused to lie or engage in falsehoods regarding the April 25, 2003 meeting. As a result, his duties started to be removed and on June 24, 2004, he was terminated from his employment for pretextual and stigmatizing reasons. For example, at the behest of the named council persons Defendants, Mr. Knudsen was no longer allowed to perform his job duties with respect to attending council meetings and advise the council on Human Resource Department related issues. He was told by Mr. Walton that if, in fact, he did attempt to attend the meetings, that when he began to speak, council person Phelps and McGavick and perhaps Talbert, would simply walk out of the meetings. As a result, Plaintiff had no choice but to delegate presentations to the City Council to subordinate staff.

3.16   Mr. Knudsen has provided formal press releases to the media with respect to the April 25, 2003 meeting and has given media interviews regarding the above-described events. It is also believed that it is likely that Mr. Knudsen will be a critical witness in the litigation brought by the Brame children. Mr. Knudsen's testimony regarding the April 25, 2003 meeting, which was in close proximity to the Brame murder, may have a substantial impact on the determination of legal liability in the litigation brought by the Brame children with regard to the death of their mother.

3.17   It is specifically alleged that Plaintiff was terminated from his employment as a result of a conspiracy to discredit him, and to punish him for speaking out in the above-described manner and for his

COMPLAINT FOR DAMAGES AND JURY DEMAND - 9

refusal to commit perjury and/or false statements in the official investigations that followed the tragic death of Crystal Brame.

3.18   The method and manner in which Plaintiff was terminated was extremely stigmatizing and included public allegations of lack of character and integrity. As a result, Plaintiff's reputation and ability to work in his chosen profession have irrefutably damaged because of malicious and wrongful reasons.

3.19   It is also alleged that during the course of a meeting between Mr. Knudsen and Mr. Walton, that occurred after Mr. Walton was given the title of City Manager for the City of Tacoma, that Mr. Walton told Mr. Knudsen that "I'm going to hire people that look like me." It is noted that Plaintiff Knudsen, is Caucasian. It is noted that Defendant Walton is African-American. It is further noted and alleged that Plaintiff's replacement was, in fact, African-American. It is specifically alleged that a substantial and/or motivating factor in the decision to terminate Plaintiff's employment was his race.

3.20   Not only has Plaintiff's reputation been irreparably damaged by the conduct of the Defendants herein, he has suffered grave economic and non-economic losses including lost wages and benefits, severe emotional distress, and personal humiliation.

3.21   It is specifically alleged that the individual Defendants' actions were done with a malicious intent and/or a deliberate indifference and/or a reckless disregard for one or more of Plaintiff's Constitutionally protected rights.

## IV. CAUSES OF ACTION

That paragraphs 1.1 to 3.21 above are incorporated by this reference as if specifically set forth herein:

COMPLAINT FOR DAMAGES AND JURY DEMAND - 10

Law Offices Of Ben F. Barcus
& Associates, P.L.L.C.
4303 Ruston Way
Tacoma, Washington 98402
(253) 752-4444 ● FAX 752-1035

4.1  **Violation of First Amendment Rights to Freedom of Speech:** That a substantial motivating factor in the harassments, adverse employment actions and termination of Plaintiff was a desire to punish him for speaking out on issues of "public concern" as described above, and such actions were violative of Plaintiff's First Amendment Rights to freedom of speech.

4.2  **Violation of First Amendment Rights (Testimony):** That a substantial and motivating factor in the harassment, adverse employment decisions and termination of Plaintiff was a desire to punish Plaintiff for providing testimony under oath/penalty of perjury and to suppress his future likely testimony with regard to the matters discussed above. That such conduct is violative of Plaintiff's First Amendment right to freedom of speech.

4.3  **Violation of Public Policy:** As with the above-noted First Amendment claims, Plaintiff's termination from his employment, was a tortuous violation of the public policy of the State of Washington, which is reflected in the State of Washington's laws prohibiting domestic violence and false swearing and/or perjury.

4.4  **Denial of Equal Protection (Racial Discrimination):** That a substantial and a motivating factor in the decision to terminate Plaintiff's employment was his race (Caucasian), in violation of the Equal Protection Clause of the Fourteenth Amendment to our Federal Constitution.

4.5  **Violation of RCW 49.60 et seq. (Race Discrimination):** That a substantial factor in the decision to harass Plaintiff and to terminate his employment was racial discrimination in violation of RCW 49.60 et seq.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 11

Law Offices Of Ben F. Barcus
& Associates, P.L.L.C.
4303 Ruston Way
Tacoma, Washington 98402
(253) 752-4444 ● FAX 752-1035

4.6 **Defamation:** That the public pronouncements by the named Defendants before and after Plaintiff's termination were unprivileged and constitute defamation per se.

4.7 **False Light Invasion of Privacy:** That the public pronouncements made by the named Defendants both before and after Plaintiff's termination, have wrongfully placed Plaintiff in a false light, thus constituting the tort of false light invasion of privacy.

4.8 **Civil Conspiracy:** That one or more of the above-referenced tortuous actions were a by-product of a conspiracy amongst the named and un-named Defendants.

## IV. RELIEF

WHEREFORE, plaintiff prays for relief as follows:

5.1 Special and general compensatory damages, including but not limited to, lost wages and benefits (both past and future), attorneys fees, general damages for pain and suffering, loss of enjoyment of life, personal humiliation, loss of reputation, and extreme emotional distress;

5.2 For punitive damages against the individual Defendants;

5.3 Front pay and/or reinstatement to employment;

5.4 Prejudgment interest on all liquidated amounts;

5.5 Full costs and attorney's fees pursuant to 42 USC § 1988; RCW 49.60.030, and/or RCW 49.48.030;

5.6 For such other and further relief, (including injunctive relief) as the Court deems just and equitable; and

5.7 That these pleadings be deemed to conform to the proof presented at time of trial.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 12

Law Offices Of Ben F. Barcus
& Associates, P.L.L.C.
4303 Ruston Way
Tacoma, Washington 98402
(253) 752-4444 ● FAX 752-1035

## VI. JURY DEMAND

6.1     That Plaintiff herein, pursuant to the Federal Rules of Civil Procedure and the Local Rules, respectfully request that this matter be heard by a jury of six.

DATED this _10_ day of December, 2004.

_____
Paul A. Lindenmuth, WSBA #15817
Attorney for Plaintiff

## VERIFICATION

STATE OF WASHINGTON  )
                     ) ss.
COUNTY OF PIERCE     )

I, PHILLIP S. KNUDSEN, certify under penalty of perjury under the laws of the State of Washington that I am the Plaintiff above named. That I have read the foregoing Complaint for Damages and Jury Demand and believe the same to be true and correct.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED this _10_ day of December, 2004 at _Tacoma_, Washington.

_____
Phillip S. Knudsen

On this day personally appeared before me Phillip S. Knudsen known to me to be the individual described in and who executed the within and foregoing Complaint and acknowledged that he signed the same as his free and voluntary act for the for the uses and purposes therein mentioned.

SUBSCRIBED AND SWORN to this _10_ day of December, 2004.

_____
NOTARY PUBLIC for Washington State
Residing At: _Gresham_
My Commission Expires: _9/1/08_

Law Offices Of Ben F. Barcus
& Associates, P.L.L.C.
4303 Ruston Way
Tacoma, Washington 98402
(253) 752-4444 • FAX 752-1035