|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| PHILLIP (PHIL) S. KNUDSEN,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF TACOMA, a municipal corporation under the laws of the State of Washington; JAMES L. WALTON, in his individual capacity; City of Tacoma Council Person KEVIN PHELPS, in his individual capacity; Former City of Tacoma Council Person SHARON McGAVICK, in her individual capacity; RICK TALBERT, City of Tacoma Council Person in his individual capacity; Former City Attorney for the City of Tacoma ROBIN JENKINSON, in her individual capacity; AND "JOHN and JANE DOES" 1 THROUGH 10 in their individual capacities,<br><br>        Defendants. | Case No. C04-5850FDB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL |

Plaintiff was formerly the Human Resource Director for the City of Tacoma. Plaintiff alleges that on or about April 25, 2003, he became increasingly concerned about newspaper accounts regarding allegations set forth in former police chief David Brame's divorce papers, and he called a meeting between himself, then City Attorney Robin Jenkinson, her Chief Lieutenant Elizabeth Pauli,

ORDER - 1

1  as well as his direct subordinate, Mary Brown to discuss what, if anything, the City of Tacoma
2  should do with respect to David Brame's continued employment.  Plaintiff alleges causes of action
3  for violation of his first amendment rights for speaking out on issues of public concern, for wrongful
4  termination in violation of the public policy of the State of Washington, and for civil conspiracy.

5  Plaintiff moves for disqualification of Defendant's counsel, Assistant City Attorney Jean
6  Homan pursuant to RPC 3.7, which provides that : "A lawyer shall not act as advocate at a trial in
7  which the lawyer or another lawyer in the same law firm is likely to be a necessary witness ..." except
8  in four circumstances.  Plaintiff asserts that he will call as witnesses former City Attorney Robin
9  Jenkinson and current City Attorney, Elizabeth Pauli, the latter of whom is currently Assistant City
10 Attorney's superior.  Plaintiff argues that the rule exists to prevent the situation of a lawyer being
11 placed in the position of defending his or her colleague(s)' actions and of defending their legal
12 advice, and to prevent te inherent conflict of interest in unduly being influenced by co-workers as
13 witnesses when the lawyer should be engaging in independent judgment and have only the client's
14 interests at heart.

15 Defendant responds that RPC 3.7 does not apply to the pretrial litigation process, citing the
16 Washington State Bar Association's interpretation of the rule (See Homan Affidavit, Ex. 6, Formal
17 Opinion 182): "The Rule is not intended to bar a lawyer/litigant from being represented by another
18 lawyer in the same firm as long as the litigant does not also act as advocate in the proceedings."

19 Defendant also argues that RPC 3.7 will likely be changed prior to trial of this matter so as to
20 eliminate the disqualifying condition.  In 2004, the Washington State Bar Association submitted to
21 the Washington Supreme Court proposed changes to the Rules of Professional Conduct.  One of the
22 changes would limit RPC 3.7 to only the lawyer-witness and not to other lawyers in the same firm.
23 (See Homan Aff., Ex. 3) The proposed change has been published for comment, and if the process
24 continues along the normal course, the Washington Supreme Court will give some indication of its
25 position on the proposed changes by July 2005, and if the Supreme Court adopts the rule change, the
26 ORDER - 2

1 | rule would be republished in July and take effect on September 1, 2005.(See General Rule of
2 | Application (GR) 9)
3 |      Under the circumstances, Plaintiff's motion to disqualify counsel will be denied.  The Court
4 | agrees that RPC 3.7 does not apply to pretrial proceedings.  While Plaintiff argues that any further
5 | motion for disqualification would late enough that the Court likely would deny it as working a
6 | hardship on the client, discovery cut-off in this matter is October 3, 2005 with the motions deadlines
7 | being October 21, 2005.  There would be sufficient time for a change of counsel given that there will
8 | be an indication of the Washington Supreme Court's position is indicated in July 2005.
9 |      ACCORDINGLY, IT IS ORDERED: Plaintiff's Motion To Disqualify Counsel Pursuant to
10 | RPC 3.7 (Dkt. # 11) is DENIED.
11 |
12 |      DATED this 6th day of June, 2005.
13 |
14 |      FRANKLIN D. BURGESS
15 |      UNITED STATES DISTRICT JUDGE

26 | ORDER - 3