UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NANCY G. KNUDSEN, as personal representative for the Estate of Phillip S. Knudsen, deceased,

Plaintiff,

v.

CITY OF TACOMA, a municipal corporation under the laws of the State of Washington; JAMES L. WALTON, in his individual capacity; City of Tacoma Council Person KEVIN PHELPS, in his individual capacity; Former City of Tacoma Council Person SHARON McGAVICK, in her individual capacity; RICK TALBERT, City of Tacoma Council Person in his individual Capacity; Former City Attorney for the City of Tacoma ROBIN JENKINSON, in her individual capacity; and "JOHN and JANE DOES" 1 through 10 in their individual capacities,

Defendants.

Case No. C04-5850FDB

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FIRST AMENDMENT, RACIAL DISCRIMINATION, AND WRONGFUL DISCHARGE CLAIMS

## INTRODUCTION

Phillip S. Knudsen was appointed Human Resources Director of the City of Tacoma in 1999 and he was terminated in June 2004 by City Manager James Walton. Plaintiff contends that Knudsen was terminated for his exercise of his First Amendment rights and that the termination was discriminatory on the basis of his race (Caucasian). Plaintiff also has asserted a claim of wrongful discharge in violation of public policy.

ORDER - 1

Defendants move for summary judgment arguing that (1) his First Amendment claim should be dismissed because there is no evidence that his termination was motivated, in whole or in part, by protected expression; (2) his race discrimination claims (federal and state) must be dismissed for lack of evidence that his termination was motivated, in whole or in part, by discriminatory animus; and (3) his wrongful discharge in violation of public policy claim should be dismissed as there is no evidence that his termination was motivated by any policy-based conduct.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Inferences drawn from the facts are viewed in favor of the non-moving party. *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

Summary judgment is proper if a defendant shows that there is no evidence supporting an element essential to a plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Failure of proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated. *Celotex*, 477 U.S. 317, 322-23 (1986). The nonmoving party "must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION AND CONCLUSION

There is no dispute about certain facts related to the termination of Plaintiff Knudsen's employment. Knudsen was hired in 1999 as Tacoma's Human Resources Director.

Knudsen alleges that in 2001 the Human Resources Department became involved in the search for a new police chief, and that he and Mary Brown, the Deputy HR Director, warned then City Manager Ray Corpuz against hiring Brame. Knudsen alleges that on April 25, 2003, the

ORDER - 2

*Seattle-Post Intelligencer* ran an article about then Police Chief Brame being accused by his wife in Court documents of pointing his service revolver at her during separate incidents within the last six months. Knudsen contends that he was disturbed by this report and that he thought under these circumstances, Chief Brame's gun ought to be taken away. Knudsen alleges that he and Mary Brown then arranged a meeting with City Attorney Robin Jenkinson and her chief assistant Elizabeth Pauli. The parties agree that the topic of conversation was the allegations set forth in the Brame marriage dissolution pleadings, but disagree on details of the conversation. The parties agree that Knudsen did issue a press release and did speak with members of the media about the April 25, 2003 meeting. Then, on April 26, 2003, Chief Brame shot himself and then his wife in a Gig Harbor parking lot.

A few months after James Walton's appointment as Tacoma City Manager in May 2003, an employee in the Human Resources Department, Lela Fishe, alleged that the pass point for the civil service examination had been changed after the identities of the applicants had been disclosed for the sole purpose of ensuring that one particular candidate passed the test, and that Knudsen knew and participated in this with his assistant director. (Walton Aff. ¶ 9, Ex. 1.)

In February 2004, while investigating the pass point change incident, Walton was advised of a second allegation against Knudsen. The second allegation was that Gary Armfield, a manager with Tacoma Public Utilities came forward through the Legal Department to report that Knudsen tried to place Mr. Armfield on an interview panel so that he could ensure that a particular applicant did not advance during the interview process.

Walton placed Knudsen on paid administrative leave pending the outcome of the two investigations. The investigator concluded that the two incidents happened as alleged, and Knudsen admitted that he had ordered the pass point to be changed, even over the objections of the Assistant Human Resources Director (Walton Aff., Ex. 3.), and he admitted to the acts alleged by Gary Armfield, as well. (Walton Aff., Ex. 4.) Mr. Walton found Knudsen's conduct to be unacceptable and on June 24, 2004 he terminated his employment with the City. (Walton Aff.,

ORDER - 3

¶¶ 24-25, Ex. 7 and 8.)

**1. First Amendment Retaliation**

To prevail on a retaliation claim based on exercise of First Amendment rights, an employee must prove that (1) the conduct at issue was constitutionally protected, (2) that the protected conduct was a substantial or motivating factor in any adverse employment action taken against the employee. If the employee carries that burden, then the Government must show that it would have taken the same action even in the absence of the protected conduct. *Keyser v. Sacramento City Unified School District*, 265 F.3d 741, 750 (9th Cir. 2001).

For an employee's speech to be protected under the First Amendment, "the speech must involve a matter of public concern and the employee's interest in expressing himself must outweigh the [government's] interests in promoting workplace efficiency and avoiding workplace disruption." *Brewster v. Board of Education*, 149 F.3d 971, 978 (9th Cir. 1998).

Knudsen identifies the speech upon which he is basing his First Amendment retaliation claim as (1) his speaking out about the hiring of former Police Chief David Brame, (2) his urging that Brame be placed on administrative leave during an April 25, 2003 meeting with his Assistant Director, the City Attorney and the Chief Assistant City Attorney; and (3) his press releases in which he spoke about the April 25, 2003 meeting.

Knudsen argues that the matters about which he spoke related to former Police Chief Brame and that his reminding City Manager Walton of the public policy that preferential treatment should not be accorded based on race in making employment decisions are matters of public concern.

Defendants [the City] contend that there is no competent evidence to establish that Knudsen spoke out against the hiring of David Brame as Police Chief, and that concerning his urging that Brame be placed on administrative leave, the evidence establishes that no such recommendation was ever made (Ex. 7 to Homan Aff.). The City does not dispute that Knudsen's press release concerning the April 25, 2003 meeting is entitled to constitutional

ORDER - 4

protection.

Knudsen must show that his exercise of First Amendment rights was a substantial or motivating factor in removing certain job duties from him and then ultimately terminating his employment. Causation can be shown by direct or circumstantial evidence. Here, there is no direct evidence of retaliatory motive. A plaintiff, however, may offer certain circumstantial evidence:

> First, a plaintiff can introduce evidence regarding the "'proximity in time between the protected action and the allegedly retaliatory employment decision'" from which a "'jury logically could infer [that the plaintiff] was terminated in retaliation for his speech.'" Second, a plaintiff can introduce evidence that "his employer expressed opposition to his speech, either to him or others." Third, the plaintiff can introduce evidence that "his employer's proffered explanations for the adverse employment action were false and pre-textual."

(Internal citations omitted) *Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003)(quoting *Keyser v. Sacramento City Unified School District,* 265 F.3d 741, 751-52 (9th Cir. 1988(as amended)).

Knudsen contends that the this case is "rich with evidence from which one could infer the operation of improper motives" [Plaintiff's Response p. 42], particularly the final years of his employment. Knudsen argues that his speaking out against the hiring of David Brame and his belief that Brame should be placed on administrative leave were matters of public concern. Also, Knudsen asserts that with respect to changing the pass point, that was a matter within his discretion to do.

Knudsen's media contact occurred in May and June of 2003 (*See* Ex. 9 & 10 to Homan Aff.). Knudsen was not terminated until a year later in June 2004. There is no evidence that Walton ever expressed opposition to his protected speech. There is no showing that the City's proffered reason for termination was pretextual. Knudsen has failed to demonstrate the causation element of his retaliation claim based on exercise of his First Amendment rights.

Because Knudsen's Complaint does not identify the specific defendants against whom his First Amendment claims are asserted, the City assumes that they are asserted against James

ORDER - 5

Walton because the other named defendants have no authority over any of the City Manager's subordinates, and City Attorney Robin Jenkinson played no role in Walton's decision to terminate Knudsen. No evidence demonstrates that the First Amendment retaliation claims are asserted against any other defendants than James Walton.

**2. Race Discrimination**

Knudsen asserts racial discrimination against him in violation of his Equal Protection rights and in violation of RCW 49.60, *et seq.*

To state and prove a claim of violation of Equal Protection rights, a plaintiff must show the following elements: (1) that the employer acted with an intent or purpose to discriminate against him; and (2) that this intent to discriminate was based upon plaintiff's membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Generally, a Section 1983 equal protection claim against the employer must meet the elements of a Title VII claim. *Federal Deposit Insurance Corp. v. Henderson*, 940 F.2d 465, 472 n. 14 (9th Cir. 1991). Absent direct evidence, a plaintiff may prove his case through circumstantial evidence following the burden-shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To state a prima facie case of discrimination, the plaintiff must show that (1) he belongs to a protected class, (2) that he was discharged; (3) that he was doing satisfactory work when the termination decision was made; and (4) that he was replaced by someone not in the protected class. The burden then shifts to the employer "to articulate a legitimate nondiscriminatory reason" for the employment decisions. *Warren v. City of Carlsbad*, 58 F.3d 439, 442 (9th Cir. 1995). The plaintiff then has the opportunity to show that the proffered legitimate, nondiscriminatory reason for the employer's decision was a mere pretext. A plaintiff can prove pretext either "(1) indirectly, by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly by showing that unlawful discrimination more likely motivated the employer."

There is no dispute that Knudsen is Caucasian and that he was replaced by an African

ORDER - 6

American, Woodrow Jones. Nevertheless, Walton first contacted Steven Hill, a Caucasian, but Mr. Hill was not interested in taking the position. (Walton Aff., ¶ 18; Hill Decl.) Mr. Walton then contacted Woodrow Jones, who had worked for the City for a number of years in various Human Resource positions. (Walton Aff. ¶ 19; Homan Aff., Ex. 12, Jones Dep. Excerpts.)

Knudsen contends that Walton is a strong advocate for diversity. Knudsen asserts that Mr. Walton commented to him to the effect that "Mormons only hire Mormons," which Knudsen interpreted to mean that people who are alike tend to hire each other, and that Walton intended to hire African American such as himself. Additionally, Knudsen asserts that while he went through a competitive process, Jones did not.

Racial animus is not demonstrated by the facts of this case. Walton's first choice was a Caucasian, who, it turned out, was not interested in the position. Moreover, Walton originally hired Knudsen and was the person who later fired him. Under these circumstances, Plaintiff has not demonstrated that Walton was biased against Caucasians. Indeed, Walton recommended Knudsen for the HR Director position in 1998 to then City Manager Ray Corpuz. There is also no showing that Knudsen was doing satisfactory work when he was terminated. Plaintiff Knudsen has not made out a prima facie case, and even if one were to grant for the purposes of argument that a prima facie case of racial discrimination was made, the City has come forward with a legitimate, nondiscriminatory reason for Knudsen's termination. Knudsen has not demonstrated the reason for his termination is "unworthy of credence" for being internally inconsistent and otherwise not believable, nor has Knudsen shown that unlawful discrimination more likely motivated the employer.

**3. Wrongful Discharge**

A plaintiff must show four necessary elements in order to establish a claim for wrongful discharge in violation of public policy: (1) existence of a clear public policy; (2) discouraging the conduct in which he engaged would jeopardize the public policy; (3) the policy-linked conduct caused the dismissal; and (4) the defendant must not be able to offer an overriding justification for

ORDER - 7

1 the dismissal. *Roberts v. Dudley*, 140 Wn.2d 58, 64-65, 993 P.2d 901 (2000).

2 Knudsen contends that he listed the public policies at issue in this case in his answer to Defendants' Interrogatory No. 7. In his response, Knudsen cites RCW 49.60.400 (Affirmative action, discrimination prohibited); RCW 9A.76.020 (Obstructing a law enforcement officer); and RCW 9A.76.175 (Making a false or misleading statement to a public servant). Knudsen contends that his speech relates to the Washington State Patrol as part of the official investigation of the Brame matter, and indirectly Knudsen's speech related to public policies relating to the prevention of domestic violence and the abuse of office by government officials.

Knudsen has cited several statutes in support of his wrongful discharge in violation of public policy claim, but he has provided no analysis of the facts he asserts together with the elements of such a claim. Certainly, no causation is shown and, as discussed above, the City had an overriding justification for terminating Knudsen.

In conclusion, therefore, Plaintiff's claims of retaliation in violation of his First Amendment rights of free speech, racial discrimination, and wrongful discharge in violation of public policy must be dismissed for the foregoing reasons.

NOW, THEREFORE, IT IS ORDERED:

Defendants' Motion for Summary Judgment on Plaintiff's First Amendment, Racial Discrimination and Wrongful Discharge Claims [Dkt. # 37] is GRANTED and these causes of action are DISMISSED with prejudice.

DATED this 9th day of December, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 8