1

2

3

4

5

6          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
7                   AT TACOMA

8

9  NANCY G. KNUDSEN, as personal
   representative for the Estate of Phillip S.
   Knudsen, deceased,
10
                                                    Case No. C04-5850FDB
              Plaintiff,
11
                                                    ORDER GRANTING
        v.                                          DEFENDANTS' MOTION FOR
12                                                  SUMMARY JUDGMENT ON
                                                    PLAINTIFF'S CLAIMS OF
13 CITY OF TACOMA, a municipal corporation          CONSPIRACY, DEFAMATION &
   under the laws of the State of Washington;       INVASION OF PRIVACY AND
14 JAMES L. WALTON, in his individual               DIRECTING ENTRY OF
   capacity; City of Tacoma Council Person          JUDGMENT FOR DEFENDANTS
15 KEVIN PHELPS, in his individual capacity;
   Former City of Tacoma Council Person
16 SHARON McGAVICK, in her individual
   capacity; RICK TALBERT, City of Tacoma
17 Council Person in his individual Capacity;
   Former City Attorney for the City of Tacoma
18 ROBIN JENKINSON, in her individual
   capacity; and "JOHN and JANE DOES" 1
19 through 10 in their individual capacities,

20            Defendants.

21
                        **INTRODUCTION**
22
         Phillip S. Knudsen was appointed Human Resources Director of the City of Tacoma in
23
   1999 and he was terminated in June 2004 by City Manager James Walton.  A few months after
24
   James Walton's appointment as Tacoma City Manager in May 2003, an employee in the Human
25
   Resources Department, Lela Fishe, alleged that the pass point for the civil service examination
26
   had been changed after the identities of the applicants had been disclosed for the sole purpose of
27

28 ORDER - 1

1   ensuring that one particular candidate passed the test, and that Knudsen knew and participated in

2   this with his assistant director. (Walton Aff. ¶ 9, Ex. 1.)

3        In February 2004, while investigating the pass point change incident, Walton was advised

4   of a second allegation against Knudsen. The second allegation was that Gary Armfield, a manager

5   with Tacoma Public Utilities came forward through the Legal Department to report that Knudsen

6   tried to place Mr. Armfield on an interview panel so that he could ensure that a particular

7   applicant did not advance during the interview process.

8        Walton placed Knudsen on paid administrative leave pending the outcome of the two

9   investigations.  The investigator concluded that the two incidents happened as alleged, and

10  Knudsen admitted that he had ordered the pass point to be changed, even over the objections of

11  the Assistant Human Resources Director (Walton Aff., Ex. 3.), and he admitted to the acts

12  alleged by Gary Armfield, as well.  (Walton Aff., Ex. 4.)  Mr. Walton found Knudsen's conduct to

13  be unacceptable and on June 24, 2004 he terminated his employment with the City.  (Walton Aff.,

14  ¶¶ 24-25, Ex. 7 and 8.)

15       Defendants [the City] move for summary judgment on Plaintiff's claims of Section 1983

16  conspiracy, tort claims for civil conspiracy, defamation, and false light invasion of privacy.

17                          **SUMMARY JUDGMENT STANDARD**

18       Summary judgment is proper if  the moving party establishes that there are no

19  genuine issues of material fact and it is entitled to judgment as a matter of law.  Fed. R. Civ. P.

20  56(c).  If the moving party shows that there are no genuine issues of material fact, the non-

21  moving party must go beyond the pleadings and designate facts showing an issue for trial.

22  *Celotex Corp. v.  Catrett*, 477 U.S. 317, 322-323 (1986).  Inferences drawn from the facts are

23  viewed in favor of the non-moving party.  *T.W. Elec. Service v. Pacific Elec. Contractors,* 809

24  F.2d 626, 630-31 (9th Cir. 1987).

25       Summary judgment is proper if a defendant shows that there is no evidence supporting an

26  element essential to a plaintiff's claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).   Failure of

27

28  ORDER - 2

1  proof as to any essential element of plaintiff's claims means that no genuine issue of material fact

2  can exist and summary judgment is mandated.  *Celotex*, 477 U.S. 317, 322-23 (1986).  The

3  nonmoving party "must do more than show there is some metaphysical doubt as to the material

4  facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

5  **DISCUSSION**

6  Plaintiff Knudsen states in his response to the City that he will not object to the entry of an

7  order dismissing the defamation and false light invasion of privacy claims. [Plaintiff's Combined

8  Memo. p. 10, ll. 4-6.]

9  Knudsen argues that

10  direct participation or authority to take an adverse action is not a prerequisite to
   liability under 42 U.S.C. § 1983, and liability can attach when someone 'sets into
11  motion a series of acts by others which the actor should have know [sic] would
   cause others to inflict Constitutional harm.  See Johnson v. Duffy, 488 f.2d 740,
12  743-4 (9th Cir. 1978), see also Harris v. Roderick, 126 F.3d 1189 (9th Cir. 1997).

13  ( Plaintiff's Combind Memo, p. 12.)  Knudsen asserts that the named defendants other than

14  Walton "Mr. Walton's efforts to first harass Mr. Knudsen and to ultimately come up with pre-

15  textural [sic] grounds for his termination." *Id.*   Also, Knudsen asserts that Defendant Robin

16  Jenkinson and Elizabeth Pauli (not a named defendant herein) "also set into motion a series of

17  events that ultimately led to Plaintiff's termination" and "[t]hey did so by failing to be honest with

18  respect to what occurred at the April 25, 2003 meeting," and thus "generated a tremendous

19  amount of hostility towards the Plaintiff, particularly on the part of the counsel [sic] members who

20  are named as Defendants herein." *Id.*

21  Knudsen goes on to say that additionally a conspiracy theory is fully applicable to the

22  Section 1983 claim, as conspiracy serves to broaden the scope of individuals who can be held

23  accountable for a specific crime or tort.  Knudsen cites *Gilbrook v. Westminster*, 172 F.3d 839

24  (9th Cir. 1999) as an example of "utilization of a conspiracy theory as a vehicle to hold

25  accountable elected officials who participate or influence an adverse employment decisions, that

26  are violative of a public employee's First Amendment rights."  Knudsen concludes by stating that

27

28  ORDER - 3

1   "there is substantial evidence to indicate that the City counsel [sic] Defendants either set into

2   motion or conspired to discredit the Plaintiff and influenced Mr. Walton to take adverse

3   employment actions against the Plaintiff."  (Plaintiff's Combined Memo, p. 14, ll. 23-24.)

4          To prove conspiracy under Section 1983, the plaintiff must prove "'an agreement or

5   "meeting of the minds" to violate constitutional rights.'  To be liable, each participant must at

6   least share the common objective of the conspiracy." *United Steelworkers of America v. Phelps*

7   *Dodge Corporation*, 865 F.2d 1539, 1540-41 (9th Cir. 1989).  Also, the plaintiff must prove an

8   action taken in furtherance of the purported conspiracy. *See Krug v. Imbordino*, 896 F.2d 395,

9   397 (9th Cir. 1989).  Finally, the plaintiff must prove that there was an actual deprivation of his

10  constitutional rights. *See Adickes v. Kress & Co.*, 398 U.S. 144, 150 (1970).

11         The Court has already concluded in the Order Granting Defendants' Motion for Summary

12  Judgment on Plaintiff's First Amendment, Racial Discrimination, and Wrongful Discharge Claims,

13  that there was no deprivation of constitutional rights.  Knudsen has set forth no evidence that the

14  individual defendants formed a tacit or express agreement to retaliate against him in response to

15  his exercising his free speech rights.  Knudsen was not terminated until the City Manager, Walton,

16  received the report of two independent investigators about Knudsen's misconduct.  Knudsen has

17  failed to adduce sufficient evidence to support his Section 1983 conspiracy claim.

18         To establish a claim of civil conspiracy, a plaintiff must prove that (1) two or more people

19  acted together to accomplish an unlawful purpose or acted together to accomplish a lawful

20  purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the

21  conspiracy. *Newton Insurance Agency & Brokerage, Inc. v. Caledonian Insurance Group, Inc.*,

22  114 Wn. App. 151, 160, 52 P.2d 30 (2002).  "[T]he existence of an alleged civil conspiracy must

23  be established by *clear, cogent, and convincing evidence*."  (Emphasis in original) *Corbit v. J.I.*

24  *Case Co.*, 70 Wn.2d 522, 529, 44 P.2d 290 (1967).  "The test of the sufficiency of the evidence to

25  prove a conspiracy is that the circumstances must be inconsistent with a lawful or honest purpose

26  and reasonably consistent *only* with the existence of a conspiracy."  (Emphasis in original) *Id.*

27

28  ORDER - 4

Knudsen has not adduced sufficient evidence to sustain his burden on this motion for summary judgment. Knudsen's contentions that the City Council Defendants and the City Attorney set in motion a series of events that led to his termination falls far short of the quality and sufficiency of evidence required for civil conspiracy. Finally, as stated earlier, no deprivation of constitutional rights has been found.

## CONCLUSION

Accordingly, for the forgoing reasons, Defendants must be granted summary judgment as to Knudsen's claims of conspiracy, defamation, and false light invasion of privacy. NOW, THEREFORE,

IT IS ORDERED:

1.    Defendants' Motion for Summary Judgment on Plaintiff's Claims of Conspiracy, Defamation, and Invasion of Privacy [Dkt. # 41] is GRANTED and these claims are DISMISSED against all defendants.

2.    As this Order disposes of all claims in this cause of action, the Clerk is directed to enter Judgment for Defendants in this case.

DATED this 12th day of December, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5