1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

| | |
|---|---|
| NANCY G. KNUDSEN, as personal representative for the Estate of Phillip S. Knudsen, deceased,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF TACOMA, a municipal corporation under the laws of the State of Washington, et al.,<br><br>                    Defendants. | CASE NO. C04-5850BHS<br><br>ORDER ON DEFENDANTS' MOTIONS IN LIMINE |

17

18

19

20

21

22

        This matter comes before the Court on Defendants' Motions in Limine to Exclude
Plaintiff Phillip Knudsen's Answers to Interrogatories (Dkt. 85), Unsworn Statements
(Dkt. 86), Phillip Knudsen's Deposition from Unrelated Matter (Dkt. 87), Evidence of
Racial Bias (Dkt. 88), and Reference to Prior Lawsuits Involving the Defendants (Dkt.
89). The Court has considered the pleadings filed in support of and in opposition to the
motions and the remainder of the file herein.

23

### I. FACTUAL AND PROCEDURAL BACKGROUND

24

25

26

27

        On December 13, 2004, Phillip S. Knudsen filed suit alleging violations of his
First Amendment rights to freedom of speech, violation of public policy, denial of equal
protection on the basis of race in violation of the Equal Protection Clause, racial

28

ORDER - 1

discrimination in violation of RCW 49.60, *et seq.*, defamation, false light invasion of privacy, and civil conspiracy. Dkt. 1 at 10-12. Mr. Knudsen's claims stemmed from his employment as the Human Resources Director for the City of Tacoma. Dkt. 1 at 4. In the complaint, Mr. Knudsen asserts that he spoke out on matters of public concern, including criticism of the City's $50,000,000 renovation of its computer system, the naming of David Brame as Tacoma Police Chief, and the decision not to place Chief Brame on administrative leave for allegedly using his service weapon to threaten his wife. Dkt. 1 at 4-6. Mr. Knudsen was terminated on June 24, 2004. Dkt. 1 at 5.

In August of 2005, Mr. Knudsen died. The Estate of Phillip S. Knudsen, by and through its personal representative, Nancy G. Knudsen, was substituted as party Plaintiff. Dkt. 31 at 2; Dkt. 44.

In December of 2005, the Court granted summary judgment in favor of Defendants on Plaintiff's First Amendment, racial discrimination, wrongful discharge, conspiracy, defamation, and invasion of privacy claims. Dkts. 64, 65. Plaintiff appealed these rulings to the United States Court of Appeals for the Ninth Circuit, which reversed and remanded the judgment previously entered (Dkt. 66) in this case. Dkt. 81. Upon remand, the only remaining cause of action is retaliation for constitutionally protected speech in violation of the First Amendment.

## II. DISCUSSION

Several motions in limine are now pending before the Court and are ripe for decision. Defendants contend that several pieces of evidence, the use of which is apparently necessitated by the death of Mr. Knudsen, constitute hearsay to which no exception applies. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).

1

**A.    UNSWORN STATEMENTS**

2    Defendants move to exclude all unsworn statements and prohibit Plaintiff from

3    offering or referencing said statements and witnesses from referencing said statements.

4    Dkt. 86 at 1. Specifically, Defendants contend that exhibits offered in opposition to their

5    summary judgment motions (notes attached to and referenced in Mr. Knudsen's answers

6    to interrogatories, a press release, a handwritten letter to Mr. Walton, a memorandum

7    written by Mr. Knudsen, Mr. Knudsen's reply to a notice of termination, an email from

8    Mr. Knudsen to Mr. Walton, and several statements Mr. Knudsen made to the

9    Washington State Patrol) constitute hearsay to which no exception applies and that the

10   exhibits therefore should not be admitted or referenced at trial. Dkt. 86 at 3-4.

11    **1.    Notes Attached to and Referenced in Mr. Knudsen's Answers to
            Interrogatories**

12

13   Defendants ask the Court to rule that notes taken by Mr. Knudsen constitute

14   inadmissible hearsay. Dkt. 86 at 5. Plaintiff contends that these notes fall within the

15   exceptions for present sense impressions and statements of then-existing mental,

16   emotional, or physical condition. *See* Fed. R. Evid. 803(1), (3). Plaintiff also contends

17   that the notes are offered to prove Mr. Walton's mental state and not to prove the truth of

18   the matter asserted. Dkt. 90 at 6. Finally, Plaintiff contends that the notes are necessary to

19   put Mr. Walton's deposition into context. Dkt. 90 at 6-7. As explained more fully below,

20   the Court cannot yet determine, based solely on reference to the notes, whether the notes

21   fall within an exception to the hearsay rule. The Court therefore denies Defendants'

22   motion to exclude the notes (Dkt. 86).

23    **(a)  Truth of the Matter Asserted**

24   Plaintiff contends that the notes are not being offered to prove the truth of the

25   matter asserted and therefore do not constitute hearsay. Dkt. 90 at 6-7. Specifically,

26   Plaintiff contends that the notes are relevant to Mr. Walton's state of mind because he

27   reviewed the notes prior to his deposition and was deposed as to the content of the notes.

28

1   It is unclear how Mr. Walton's mental state *at the time of his deposition* is relevant to

2   Plaintiff's First Amendment retaliation claim, however.

3   **(b)   Present Sense Impression**

4   A present sense impression is "[a] statement describing or explaining an event or

5   condition made while the declarant was perceiving the event or condition, or immediately

6   thereafter." *Id.* The Court cannot yet determine whether the notes attached to Mr.

7   Knudsen's answers to interrogatories fit within the present sense impression exception to

8   the hearsay rule. The notes are dated, and the dates range from June to November. Dkt.

9   50-2, Exh. 1. If the dates are to be believed, the notes are not in chronological order. For

10   many of the entries, the date of the occurrence is unclear. The Court therefore cannot

11   determine whether such entries were made while Mr. Knudsen was perceiving the events

12   he describes or were made *immediately* thereafter. *See, e.g.*, *id.* at 52 (notes dated June 8,

13   2003, documenting a conversation that apparently took place on June 2, 2003). In

14   addition, the question of whether Plaintiff will be able to provide a foundation for these

15   notes, which are not signed, is an issue better left for trial.

16   **(c)   Statement of Then-Existing State of Mind**

17   Statements of a "declarant's then existing state of mind, emotion, sensation, or

18   physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily

19   health), but not including a statement of memory or belief to prove the fact remembered

20   or believed" are also excepted from the hearsay rule. Fed. R. Evid. 803(3). Admission of

21   the notes under this exception, for purposes of establishing Mr. Walton's state of mind,

22   would not be proper. In addition, the notes primarily describe events, statements, and

23   beliefs, and not Mr. Knudsen's state of mind or physical condition at the time the notes

24   were authored.

25   **2.   Press Release**

26   Defendants seek to exclude Exhibit 11, referred to as the "Knudsen and Brown

27   Press Release," from admission. Dkt. 86. Exhibit 11 consists of an email entitled

28

ORDER - 4

"Statement from Phillip Knudsen, Human Resources Director and Mary Brown, Assistant Human Resources Director." Dkt. 50-12, Exh. 11. The email was apparently sent on May 30, 2003, and professes to be an attempt to cure a public misstatement regarding a meeting held on April 25. *Id.* at 1.

Plaintiff contends that the email was published in the local newspaper. Dkt. 90 at 7. Plaintiff contends that the press release is being offered to prove the "knowledge of the individual Defendants as to the position stated by Plaintiff-Decedent and Ms. Brown which forms the central core of the controversy surrounding the April 25, 2003, meeting, between the Human Resources Department and the City Attorney's Office." Dkt. 90 at 7. Plaintiff's response makes clear that the press release will be offered to prove what Mr. Knudsen and Ms. Brown claimed took place at the April 25 meeting. In other words, regardless of the truthfulness of the press release, Plaintiff contends that the press release shows that Defendants knew Mr. Knudsen was claiming to have told the City of Tacoma to place Chief Brame on administrative leave and supports Plaintiff's claim that Mr. Knudsen was retaliated against for this statement. In this sense, the statement is not being offered for the truth of the matter asserted, and the motion is denied. If the press release is ultimately admitted at trial, a limiting instruction may be appropriate.

### 3.    Handwritten Letter to Mr. Walton

Defendants seek to exclude Exhibit 20, which appears to be a handwritten letter to Mr. Walton and signed by Mr. Knudsen. Dkt. 50-21, Exh. 20. Plaintiff contends that Mr. Walton, who decided to terminate Mr. Knudsen's employment, was aware of this letter at the time the decision was made. Dkt. 90 at 7. If Plaintiff can establish the requisite foundation, a limiting instruction may allay Defendants' concerns. Because Plaintiff does not intend to use the letter to prove the truth of the matters asserted therein, the motion is denied.

1

### 4.      Email Regarding Administrative Leave

2        Defendants seek to exclude Exhibit 23, which appears to be an email from Mr.

3   Knudsen stating that employees were placed on administrative leave without his approval

4   and in violation of the Tacoma Municipal Code. Dkt. 50-24, Exh. 23. To the extent that

5   Plaintiff wishes to offer this statement to establish that the City of Tacoma was in

6   violation of the Tacoma Municipal Code, the email constitutes hearsay. To the extent that

7   the email is offered for purposes other than to establish that fact, the email is irrelevant.

8   Because Plaintiff offers no exception or other basis for allowing admission, the motion is

9   granted as to Exhibit 23.

10      ### 5.      Mr. Knudsen's Written Response to Notice of Termination

11       Defendants next seek to exclude Exhibit 25, which is Mr. Knudsen's letter to Mr.

12   Walton in response to being notified of the City's intention to terminate him. Dkt. 50-26,

13   Exh. 25. The letter is unsigned and is dated before Mr. Knudsen was terminated. *See id.*

14   Plaintiff contends that Mr. Walton was in possession of this letter when he decided to

15   terminate Mr. Knudsen. In this respect, Plaintiff does not intend to use the letter to prove

16   the truth of the matters asserted therein, and the motion is therefore denied as to Exhibit

17   25. This evidence may warrant a limiting instruction.

18      ### 6.      Email Regarding Diversity

19       Defendants seek to exclude Exhibit 36, which appears to be an email from Mr.

20   Knudsen to Mr. Walton dated June 6, 2003. In the email, Mr. Knudsen states that he is

21   committed to diversity and is preparing a presentation on changes to the employment

22   rules. Dkt. 50-37, Exh. 36. Insofar as Plaintiff seeks to establish Mr. Knudsen's views

23   regarding diversity through admission of the email, the email constitutes hearsay. Because

24   Plaintiff offers no viable exception or other basis for allowing admission, the motion is

25   granted as to Exhibit 36.

26

27

28

ORDER - 6

1

### 7.     Statements to Washington State Patrol

2    Defendants seek to exclude Exhibits 39-41, which are transcripts of Mr. Knudsen's

3    recorded statements to the Washington State Patrol. Plaintiff contends that these Exhibits

4    will not be offered to prove the truth of the matters asserted therein and instead will be

5    relied upon only to determine the bases for Mr. Knudsen's termination. Plaintiff may

6    explore whether Mr. Knudsen's statements to the Washington State Patrol influenced the

7    decision to terminate Mr. Knudsen. This use of the statements is independent from the

8    truthfulness of the statements themselves and therefore does not constitute hearsay. In this

9    respect, the motion is denied. This use of Mr. Knudsen's statements may warrant an

10   instruction to the jury.

11   To the extent that Plaintiff intends to rely upon these statements to prove the truth

12   of the matters asserted therein, Plaintiff contends that the statements constitute public

13   records under Federal Rule of Evidence 803(8). Rule 803(8) provides an exception for

14   "[r]ecords, reports, statements, or data compilations, in any form, of public offices or

15   agencies, setting forth . . . in civil actions . . . factual findings resulting from an

16   investigation made pursuant to authority granted by law." Fed. R. Evid. 803(8)(C).

17   Plaintiff fails to demonstrate how transcripts of Mr. Knudsen's statements to the

18   Washington State Patrol fit within this definition. Plaintiff also fails to demonstrate the

19   requisite "circumstantial guarantees of trustworthiness" to justify admission of these

20   transcripts under the residual exception, particularly in light of Mr. Knudsen not being

21   placed under oath during the interviews. *See* Fed. R. Evid. 807. To the extent that Plaintiff

22   seeks to offer the statements to prove matters asserted therein, the motion is therefore

23   granted.

24   ## B.     ANSWERS TO INTERROGATORIES

25   Defendants seek to exclude Mr. Knudsen's responses to interrogatories, primarily

26   because they did not have an opportunity to depose or cross examine Mr. Knudsen about

27   his answers. Dkt. 85. Plaintiff contends that the interrogatories are admissible under

28

ORDER - 7

1  Federal Rules of Evidence 804(b)(1), (b)(2), 803(3), and 807. Dkt. 90 at 4. As discussed

2  more fully below, the Court concludes that Mr. Knudsen's interrogatory responses are

3  inadmissible under any of the hearsay exceptions cited by Plaintiff.

4        **1.    Former Testimony**

5        Federal Rule of Evidence 804(b)(1) provides that "[t]estimony given as a witness

6  at another hearing of the same or a different proceeding, or in a deposition taken in

7  compliance with law in the course of the same or another proceeding" is an exception to

8  the hearsay rule "if the party against whom the testimony is now offered, or, in a civil

9  action or proceeding, a predecessor in interest, had an opportunity and similar motive to

10 develop the testimony by direct, cross, or redirect examination." Fed. R. Evid. 804(b)(1).

11 Mr. Knudsen's interrogatories do not constitute "testimony given as a witness," and

12 Plaintiff offers no evidence that Defendants or their predecessors in interest had an

13 opportunity to examine Mr. Knudsen regarding his interrogatory answers.

14       **2.    Statement Under Belief of Impending Death**

15       Federal Rule of Evidence 804(b)(2) excepts "a statement made by a declarant

16 while believing that the declarant's death was imminent, *concerning the cause or*

17 *circumstances of what the declarant believed to be impending death*" from the hearsay

18 rule. Fed. R. Evid. 804(b)(2) (emphasis added). Plaintiff fails to identify any portion of

19 Mr. Knudsen's interrogatory answers addressing the cause or circumstances of his death.

20 *See* Dkt. 90-7, Exh. 4a; Dkt. 90-8, Exh. 4b.

21       **3.    Statement of Then-Existing State of Mind**

22       "[S]tatement[s] of the declarant's then existing state of mind, emotion, sensation,

23 or physical condition" are excluded from the hearsay rule. Fed. R. Evid. 803(3). Plaintiff

24 contends that this exception "may" apply because Mr. Knudsen's answers are "indicative

25 of his existing mental condition at or around the time of signing." Dkt. 90 at 4. Even if the

26 Court were to accept Plaintiff's broad application of this exception, Plaintiff fails to

27 demonstrate how Mr. Knudsen's state of mind at the time he signed his interrogatory

28

responses is relevant to claims stemming from facts that occurred more than one year earlier.

**4.      Residual Exception**

Plaintiff also seeks to offer Mr. Knudsen's interrogatory responses under the residual exception, which provides as follows:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Fed. R. Evid. 807. Plaintiff contends that the interrogatory responses are "consistent with and corroborated by other admissible evidence" but does not disclose such evidence to the Court. Dkt. 90 at 5. The Court is therefore not persuaded that this exception applies to Mr. Knudsen's responses to interrogatories.

**C.     DEPOSITION FROM BRAME LITIGATION**

Defendants seek to exclude admission of Phillip Knudsen's deposition in *In re Julie Ahrens, as Personal Representative of the Estate of Crystal D. Brame (deceased) v. City of Tacoma, et al.*, No. 04-2-00712-7 KNT. Dkt. 87. Defendants contend that the deposition is not admissible as former testimony because the Brame litigation involved different parties, this case presents different legal issues, and Defendants did not have an opportunity or similar motive to cross examine Mr. Knudsen. Dkt. 87 at 6-9.

Federal Rule of Evidence 804(b)(1) provides a hearsay exception for former testimony:

> Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Fed. R. Evid. 804(b)(1). In addition, Federal Rule of Civil Procedure 32(a)(8) provides

for the use of depositions taken in an earlier action involving the same subject matter and

the same parties:

> A deposition lawfully taken and, if required, filed in any federal- or
> state-court action may be used in a later action involving the same subject
> matter between the same parties, or their representatives or successors in
> interest, to the same extent as if taken in the later action. A deposition
> previously taken may also be used as allowed by the Federal Rules of
> Evidence.

Fed. R. Civ. P. 33(a)(8).

Because Defendants had neither the opportunity nor a similar motive to develop

Mr. Knudsen's deposition testimony in the Brame litigation, the Court concludes that the

deposition is inadmissible.

First, the Court notes that Defendants Walton, Phelps, McGavick, Ralbert, and

Jenkinson were not parties to the Brame litigation. Despite Plaintiff's contention that the

individual defendants in this matter, sued in their individual capacities, would be subject

to indemnification, the Court cannot conclude that these defendants had an opportunity

and a similar motive to develop Mr. Knudsen's deposition testimony. The City of Tacoma

was a party to the Brame litigation but was not defending against First Amendment

retaliation claims. Instead, the Brame litigation concerned wrongful death claims.

Therefore, while the factual context of the Brame litigation and this case is similar, the

City of Tacoma's motivation in developing Mr. Knudsen's testimony differed.

Second, and perhaps more importantly, Defendants did not have the opportunity to

cross examine Mr. Knudsen. Mr. Knudsen's deposition was terminated before counsel for

the City of Tacoma had an opportunity to conduct cross examination. Dkt. 55 at 2; Dkt.

95, Exh. 6 at 23. Counsel in the Brame litigation intended to resume the deposition to

allow the City of Tacoma to cross examine Mr. Knudsen, but Mr. Knudsen died before

the deposition resumed. *Id.* at 3. Therefore, Defendants' Motion in Limine to Exclude

Phillip Knudsen's Deposition from Unrelated Matter is granted.

ORDER - 10

1

### D.    EVIDENCE OF ALLEGED RACIAL BIAS

2           Defendants seek to exclude evidence of racial bias because Plaintiff did not appeal

3   dismissal of his race discrimination claim and the parties agree that the only remaining

4   cause of action after remand from the Ninth Circuit is retaliation for constitutionally

5   protected speech in violation of the First Amendment. Dkt. 88 at 2; *see also* Dkt. 83 (Joint

6   Status Report) at 2. Defendants contend that such evidence should be excluded under

7   Federal Rules of Evidence 402 as irrelevant, and 403 as unduly prejudicial. *Id.* at 3.

8   Plaintiff contends that this evidence is relevant because the First Amendment retaliation

9   claim encompasses a contention that Mr. Knudsen advocated strict compliance with RCW

10  49.60.400 (prohibiting discrimination and preferential treatment). Dkt. 93 at 9.

11  Defendants contend that the Ninth Circuit's reversal of summary judgment was limited to

12  conduct that Defendants conceded was constitutionally protected and that Defendants

13  conceded only, for purposes of summary judgment and appeal, that Plaintiff's speech to

14  the media was constitutionally protected. Dkt. 96 at 7-8. Defendants contend that Plaintiff

15  did not argue racial bias as a basis for his First Amendment claims.

16          As a threshold matter, the nature of the evidence of racial bias Plaintiff would offer

17  at trial is not entirely clear. In addition, the Court notes that Plaintiff included allegations

18  about his position on affirmative action in his interrogatory responses, summary judgment

19  opposition, and appellate brief. *See, e.g.*, Dkt. 48 at 41 ("Finally, Mr. Knudsen's effort to

20  remind Mr. Walton that the City had to conform to the prohibition set forth in RCW

21  49.60.400 involves a manner [sic] of public concern."); Dkt. 50-2, Exh. 1 at 13 ("I spoke

22  out on an issue of public concern when I reminded him that any affirmative action plan

23  within the City of Tacoma would have to conform to the limitations set forth in I-200.");

24  Dkt. 90-3, Exh. 2a at 18 ("The point of this lawsuit is that Mr. Knudsen should not have

25  been terminated by Mr. Walton for his speech, which in part related to diversity issues.");

26  Dkt. 90-4, Exh. 2b at 12, 17.  While the Court appreciates Defendants' concern that

27  evidence of Defendants' racial bias may pose a risk of prejudice, the Court is not yet in a

28

1 position to determine the precise nature and relevance of evidence of racial bias and the

2 risk of prejudice. The motion is therefore denied.

3 **E.   PRIOR LAWSUITS**

4      Finally, Defendants seek to exclude reference to prior lawsuits involving

5 Defendants. Dkt. 89. Specifically, Defendants contend that evidence regarding prior

6 lawsuits in which the City of Tacoma was sued for First Amendment violations is

7 irrelevant and unduly prejudicial. *Id.* at 3. Plaintiff contends that this evidence is relevant

8 proof that the proffered reason for Mr. Knudsen's termination constituted differential

9 treatment and, therefore, mere pretext. Dkt. 98 at 6. The full extent of Plaintiff's proposed

10 use of evidence of prior lawsuits is not yet clear to the Court. Therefore, while the Court

11 is concerned that the jury may use this evidence to merely infer liability, the Court cannot

12 yet rule as a matter of law whether this evidence should be excluded. The motion is

13 therefore denied.

14 **F.   CONCLUSION**

15      The parties are cautioned that the foregoing denials of Defendants' motions in

16 limine do not render the evidence admissible at trial. In addition, the granting of certain

17 motions in limine may be reconsidered at trial, outside the presence of the jury, should the

18 events of trial make such reconsideration appropriate.

19                              **III. ORDER**

20      Therefore, it is hereby

21      **ORDERED** that Defendants' Motion in Limine to Exclude Plaintiff Phillip

22 Knudsen's Answers to Interrogatories (Dkt. 85) is **GRANTED**; Defendants' Motion in

23 Limine to Exclude Unsworn Statements (Dkt. 86) is **GRANTED** as to Exhibits 23 and

24 36, **DENIED** as to Exhibits 1, 11, 20, 25, and **GRANTED in part** and **DENIED in part**

25 as to Exhibits 39-41 as provided herein; Defendants' Motion in Limine to Exclude Phillip

26 Knudsen's Deposition from Unrelated Matter (Dkt. 87) is **GRANTED**; Defendants'

27

28

ORDER - 12

Motion in Limine to Exclude Evidence of Racial Bias (Dkt. 88) is **DENIED**, and

Defendants' Motion in Limine to Exclude Reference to Prior Lawsuits Involving the

Defendants (Dkt. 89) is **DENIED**.

      DATED this 15th day of January, 2008.


                                        _____

                                        BENJAMIN H. SETTLE

                                        United States District Judge