1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NANCY G. KNUDSEN, as personal
representative for the Estate of Phillip S.
Knudsen, deceased,

               Plaintiff,

     v.

CITY OF TACOMA, a municipal
corporation under the laws of the State of
Washington, et al.,

              Defendants.

CASE NO. C04-5850BHS

ORDER RE
DISQUALIFICATION OF
DEFENSE COUNSEL

     This matter comes before the Court on the parties' briefing regarding disqualification of defense counsel (Dkt. 119-3).[1] The Court has considered the briefing and the remainder of the file and finds that defense counsel Jean Homan may not act as an advocate at trial for the reasons stated herein.

## I. BACKGROUND AND DISCUSSION

     On December 13, 2004, Phillip S. Knudsen filed suit alleging violations of his First Amendment rights to freedom of speech, violation of public policy, denial of equal protection on the basis of race in violation of the Equal Protection Clause, racial discrimination in violation of RCW 49.60, *et seq.*, defamation, false light invasion of

---

[1] While Plaintiff's counsel has not formally moved for disqualification of Defendants' counsel, Plaintiff contends that defense counsel's continued participation is "problematic" and has indicated that defense counsel may be called as a witness. Because Plaintiff has necessitated the Court's consideration of this issue, the Court requested briefing first from Plaintiff's counsel and then from Defendants' counsel.

ORDER - 1

privacy, and civil conspiracy. Dkt. 1 at 10-12. Mr. Knudsen's claims stemmed from his employment as the Human Resources Director for the City of Tacoma. Dkt. 1 at 4. In the complaint, Mr. Knudsen asserts that he spoke out on matters of public concern, including criticism of the City's $50,000,000 renovation of its computer system, the naming of David Brame as Tacoma Police Chief, and the decision not to place Chief Brame on administrative leave for allegedly using his service weapon to threaten his wife. Dkt. 1 at 4-6. Mr. Knudsen was terminated on June 24, 2004. Dkt. 1 at 5.

In August of 2005, Mr. Knudsen died. The Estate of Phillip S. Knudsen, by and through its personal representative, Nancy G. Knudsen, was substituted as party Plaintiff. Dkt. 31 at 2; Dkt. 44.

In December of 2005, the Court granted summary judgment in favor of Defendants on Plaintiff's First Amendment, racial discrimination, wrongful discharge, conspiracy, defamation, and invasion of privacy claims. Dkts. 64, 65. Plaintiff appealed these rulings to the United States Court of Appeals for the Ninth Circuit, which reversed and remanded the judgment previously entered (Dkt. 66) in this case. Dkt. 81. Upon remand, the only remaining cause of action is retaliation for constitutionally protected speech in violation of the First Amendment.

On February 29, 2008, Defendants moved for a telephonic hearing to address possible disqualification of Defendants' counsel Jean Homan. Dkt. 105. By letter, counsel for Plaintiff notified Ms. Homan that she may be called to testify as a witness in this matter. *Id.* at 3.

On March 3, 2008, the Court heard from both sides, telephonically, regarding possible disqualification of Ms. Homan. Dkt. 114. Recognizing that neither side had been afforded an opportunity to brief the issue in light of the possibility that Ms. Homan would be called as a witness, the Court continued the trial date in this matter and established a briefing schedule. Both sides have provided briefing regarding disqualification of Ms. Homan, and the issue is now ripe for consideration.

Plaintiff has indicated that Ms. Homan may be called to testify regarding two matters: First, Plaintiff may call Ms. Homan regarding a letter authored by Ms. Homan offering Mr. Knudsen resignation in lieu of termination. Plaintiff seeks to establish, through Ms. Homan's letter and testimony, that the period of time during which Mr. Knudsen was permitted to consider whether to resign in lieu of being terminated was so brief as to render the offer illusory or to evidence a retaliatory motive.

Second, Plaintiff may call Ms. Homan regarding a memorandum she authored. The memorandum is dated September 15, 2004, and questions whether Mr. Knudsen's failure to bring concerns to the attention of the City Manager rose to the level of misconduct and warns the City Manager that "[t]his conclusion would make it far easier for a jury to find that your decision to terminate Mr. Knudsen was, in fact, retaliation for some perceived wrong." Dkt. 118-4, Exh. 23 at 11. The parties dispute whether the City of Tacoma waived the attorney-client privilege with respect to this document.

## II. DISCUSSION

The attorney-client privilege is strictly construed. *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 24 (9th Cir. 1981). The privilege may be waived through voluntary production of privileged documents. *United States v. de la Jara*, 973 F.2d 746, 749 (9th Cir. 1992). Such a waiver extends to all communications on the subject matter. *Weil*, 647 F.2d at 24. To determine whether there has been a waiver of the privilege, courts consider the circumstances surrounding the disclosure. *de la Jara*, 973 F.2d at 749. Where a disclosure is inadvertent or involuntary, the privilege may nevertheless be waived by implication. *Id.* at 749-50. On the one hand, the privilege is preserved in the face of voluntary disclosure "if the privilege holder has made efforts 'reasonably designed' to protect and preserve the privilege." *Id.* at 750. On the other hand, the privilege is waived if the privilege holder fails to pursue all reasonable means of preserving the confidentiality of the privileged matter." *Id.* For example, the Ninth Circuit in *de la Jara* held that the privilege was waived because the defendant failed to

ORDER - 3

recover the privileged material or otherwise protect its confidentiality during the six months between seizure of the privileged material and introduction of the material into evidence. *Id.* The subjective intent of the party asserting privilege is one factor to be considered, but inadvertence does not, as a matter of law, prevent waiver. *Weil*, 647 F.2d at 24. In this case, the Court considers the facts surrounding the disclosure of the September 15, 2004, memorandum to determine whether the attorney-client privilege was waived with respect to this document.

The City of Tacoma ("the City") released the Washington State Patrol administrative investigation file in 2004. Dkt. 122 at 6. The City did not disclose documents relating to allegations for which misconduct was not found. *Id.*

In 2005, apparently in response to pressure from the public and from the media, the City released all documents relating to the allegations, including allegations for which misconduct was not found. *Id.*; Dkt. 123 at 3. The City Manager also administratively waived the attorney-client privilege as to "factual analysis memos" drafted by attorneys responsible for reviewing documents relating to the allegations. Dkt. 122 at 6-7; Dkt. 123 at 4. Eric Anderson, the current City Manager, did not intend to waive the attorney-client privilege with respect to documents relating to pending or anticipated litigation. Dkt. 124 at 3.

In June of 2005, the City responded to Plaintiff's discovery requests. Dkt. 122 at 8. The City provided a privilege log listing the September 15, 2004, memorandum authored by Ms. Homan and directed to City Manager James Walton. *Id.* This document is identified as document number 106. The City also prepared several disks for public disclosure of the WSP administrative investigation file, and Plaintiff requested a set of the disks. Dkt. 122 at 8; Dkt. 122, Exh. 2 at 32. The City complied with this request. Dkt. 122, Exh. 3 at 34. The City contends that inclusion of the September 15, 2004, memorandum on the disk was inadvertent and that this mistake was not discovered until Plaintiff's counsel filed the memorandum in this case. Dkt. 122 at 9; *see* Dkt. 107-2 at 29.

ORDER - 4

Several disks were also furnished to members of the media, and the September 15, 2004, memorandum was thereafter posted on the Tacoma News Tribune's website on October 30, 2005. Dkt. 118-4, Exh. 23 at 2.

The Court concludes that the City of Tacoma waived the attorney-client privilege as to the September 15, 2004, memorandum. In a letter to defense counsel dated November 2, 2005, Plaintiff's counsel noted that a newspaper article had been posted online with hyperlinks to documents authored by Ms. Homan that "naturally should have been covered by the attorney/client privilege." Dkt. 118-2, Exh. 16 at 48. This letter was forwarded to Elizabeth Pauli, who responded with a letter contending that "[t]he City did not waive its attorney-client privilege for any litigation matters or for the documents to which you refer." Dkt. 118-2, Exh. 17 at 51. Ms. Pauli contended that the "inadvertent disclosure of documents" should not be construed as a waiver of the attorney-client privilege. *Id.* It does not appear, however, that any efforts were made to retrieve the September 15, 2004, memorandum or any other documents inadvertently disclosed. The Court cannot hold that documents available in the public domain and not subject to any apparent efforts to maintain confidentiality are subject to the attorney-client privilege.

Having determined that the attorney-client privilege has been waived as to the September 15, 2004, memorandum and considering the stated intention of Plaintiff to call Ms. Homan as a witness, the Court is presented with the question as to whether, pursuant to Washington Rule of Professional Conduct 3.7, Ms. Homan should be disqualified from acting as an advocate at trial.

Rule 3.7 provides the trial court with discretion to permit a lawyer who is a likely witness at trial to continue as an advocate under the following circumstances:

> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case;
>
> (3) disqualification of the lawyer would work substantial hardship on the client; or

(4) the lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate

Wash. Rules of Prof'l Conduct R. 3.7(a).

Ms. Homan's anticipated testimony does not concern an uncontested issue or the nature and value of legal services. Therefore, neither Rule 3.7(a)(1) nor (a)(2) applies to the question before the Court in this matter. With regard to Rule 3.7(a)(3) and (a)(4), the Court does not find evidence that disqualification of Ms. Homan as an advocate "would work a substantial hardship" on her clients; in Defendants' pleadings, the Court and Plaintiff were informed that "the defendants are in the process of retaining a new attorney to serve as lead defense counsel." Dkt. 121 at 3. Accordingly, the Court will not permit Ms. Homan to act as an "advocate" at trial. Defendants shall arrange for attendance at the pretrial conference of "(c)ounsel who will have principal responsibility for trying the case" on their behalf. *See* Local Rule CR 16(m).

The parties are advised that trial remains as previously set for May 5, 2008.  At the pretrial conference, the parties should be prepared to discuss the many questions raised by this ruling, including the scope of the waiver, what testimony and documents fall within that scope, the extent to which Ms. Homan may continue to participate in this case as a lawyer, whether the ruling necessitates any motions in limine, and whether an additional mediation would be helpful to the parties.

It is so **ORDERED.**

DATED this 21st day of April, 2008.


BENJAMIN H. SETTLE
United States District Judge

ORDER - 6